IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PIKE COUNTY, MISSISSIPPI                                      PLAINTIFF

v.                            CIVIL ACTION NO. 5:17-cv-17-DCB-MTP

ARIES BUILDING SYSTEMS, LLC
AND CMS CONSULTANTS, LLC                                     DEFENDANTS

ORDER AND OPINION

This cause is before the Court on plaintiff Pike County, Mississippi ("Pike County")'s Motion to Remand (docket entry 2), defendant CMS Consultants, LLC ("CMS")'s Objection to Removal and Joinder in Motion to Remand (docket entry 8). Having carefully considered the motions, responses, and applicable law, and being otherwise fully informed in the premises, the Court finds as follows:

I. Background

This case is one in a series of litigation arising out of the construction of a workforce housing facility in the Gateway Industrial Park at Fernwood in Pike County, Mississippi.[1] On July 25, 2014, defendants CMS and Aries entered into a contract for the construction of the "workers' lodge," and pursuant to that

---

[1] The parties are currently involved in multiple cases pending in state and federal court in connection with this project. See CMS Consultants, LLC v. Aries Building Systems, LLC, Cause No. 57-2015-0301 (with Pike County, Mississippi as Intervener); City of McComb v. Aries Building Systems, LLC, Cause No. 57-2016-0056-WS; In the Matter of the Enlargement of the Boundaries of the City of McComb, Miss., Cause No. 57-2015-0220; see also Aries Building Systems, LLC v. Pike County Board of Supervisors & City of McComb, Cause No. 5:16-cv-16-DCB-MTP.

1

contract, CMS claims to have provided goods and services to Aries in the amount of $1,529,862.33. Doc. 1-1, p.2. According to CMS, Aries has paid only $715,016.03, leaving an unpaid balance of $814,846.30. Id. CMS filed a construction and materialman's lien on the property in the amount of $282,632.44, which it seeks to enforce in a separate state court action filed in the Chancery Court of Pike County.[2] Id.

Prior to the filing of the CMS lien, Pike County executed and delivered a Warranty Deed conveying a 40-acre tract of property located within the Gateway Industrial Park to Aries. Id. The Warranty Deed provided that Pike County would have the option to repurchase the 40-acre tract in the event that Aries failed to comply with certain conditions set forth in the agreement. Pike County alleges that Aries has defaulted on its contractual obligations and claims that the County is entitled to repurchase the property for the original purchase price of $480,000. Id.

On January 25, 2017, Pike County filed its Complaint for Leave to Interplead, for Specific Performance, and for General Relief in the Chancery Court of Pike County, Mississippi. Pike County's Complaint seeks interpleader in the amount of $480,000 to avoid the possibility of multiple liability which could result from an adverse determination regarding the amount owed by Aries under the

---

[2] See CMS Consultants, LLC v. Aries Building Systems, LLC, Cause No. 57-2015-0301. Pike County moved to intervene in the state court action.

CMS contract. The Complaint also requests an order compelling Aries to comply with the County's right to repurchase the 40-acre tract, along with an order canceling the CMS construction lien and directing Aries to pay CMS the amount owed.

Aries filed its Notice of Removal on February 3, 2017. See Doc. 1. Pike County filed a motion to remand on February 23, 2017, and CMS filed an Objection to Removal and Joinder in Motion to Remand shortly thereafter on March 16, 2017. See Docs. 2, 8.

## II. Discussion

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. Manguno v. Prudential Prop. & Cas. Ins. Co. 276 F.3d 720, 723 (5th Cir. 2002). Because removal implicates significant federalism concerns, the removal statute is to be strictly construed, and any doubts or ambiguities are resolved in favor of remand. Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008).

### A. Removal Procedure

Pike County moves to remand under 28 U.S.C. § 1447(c), arguing that removal was procedurally defective because defendant CMS did not join in or consent to Aries's Notice of Removal. The rule of

3

unanimity, as codified by 28 U.S.C. § 1446(b)(2)(A), requires that "when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." When multiple defendants are involved, each defendant "shall have 30 days after receipt by or service on that defendant of the initial pleading or summons ... to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B); Andrews v. Miss. Farm Bureau Cas. Ins. Co., 187 F. Supp. 3d 749, 755 (S.D. Miss. 2016) (recognizing a shift from the Fifth Circuit's traditional first-served defendant rule following a 2011 amendment to 28 U.S.C. § 1446); but see Faulkner v. Miss. Dept. of Human Services, 2016 WL 3661521 (S.D. Miss. July 5, 2016) (citing the traditional first-served defendant rule). Failure to obtain the consent of all served defendants within the removal period renders removal procedurally defective. Doe v. Kerwood, 969 F.2d 165, 167, 169 (5th Cir. 1992); see Harden v. Field Memorial Community Hosp., 516 F. Supp. 2d 600, 607 (S.D. Miss. 2007) ("district courts have no power to overlook procedural errors relating to the notice of removal"); Spillers v. Tillman, 959 F. Supp. 364, 368 (S.D. Miss. 1997) ("defective removal procedure is a proper ground for remand").

When discussing the rule of unanimity, the Fifth Circuit has held that consent to removal is not required from: (1) improperly or fraudulently joined parties, see Jernigan v. Ashland Oil Inc.,

4

989 F.2d 812 (5th Cir. 2003); (2) nominal or unnecessary defendants, see Farias v. Bexar Co. Bd. of Trustees for Mental Health Mental Retardation Services, 925 F.2d 866 (5th Cir. 1991); and (3) defendants who have not been served by the time of removal, see Jones v. Houston Indep. Sch. Dist., 979 F.2d 1004, 1007 (5th Cir. 1992). Jones v. Watts, 2011 WL 2160915 (S.D. Miss. June 1, 2011). Relying on the first and third articulated exceptions to the rule, Aries maintains that CMS's consent is unnecessary because the defendant was not properly joined or served.

As to improper joinder, Aries's argument appears to be misplaced. Improper joinder functions as a narrow exception to the rule of complete diversity. Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). To establish improper joinder, the removing party, must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003). Aries appears to take the second approach, arguing that Pike County's interpleader action must fail because CMS's underlying state court claim is without hope of success. Aries claims that CMS was joined in this action for the sole purpose of defeating diversity, but the defendant has not alleged, nor do the facts suggest, that CMS is a non-diverse party whose presence would defeat diversity. As the Fifth Circuit observed *in dicta* in Smallwood v. Illinois Cent.

5

R. Co., 385 F.3d 568 (5th Cir. 2004), "a claim of improper joinder is by definition directed toward the joinder of an in-state party." The Court is unconvinced that the improper joinder analysis is relevant absent some non-diverse party. Nevertheless, the Court need not reach the issue, as it appears that CMS's consent to removal was unnecessary under the unserved defendant exception.

As to the unserved defendant rule, Aries argues that removal was procedurally proper because CMS has not been served in this case. "Defendants . . . who are unserved when the removal petition is filed need not join in it." Getty Oil, 841 F.2d at 1261, n.9; see Hanks v. Porter, 2012 WL 5512332 (S.D. Miss. Nov. 14, 2012) (finding that a defendant's unilateral removal was acceptable because "at the time there were no other served defendants required to consent to removal"); Tilley v. Tisdale, 914 F. Supp. 2d 846, 850 (E.D. Tex. 2012) ("a defendant who has not been properly served need not consent to removal"). Aries removed the case on February 3, 2017, and the parties agree that defendant CMS was not served with process prior to removal. It appears that Pike County attempted service on CMS via certified mail, but service was unsuccessful. See Doc. 13-1. Since CMS was not served, Aries's Notice of Removal is not procedurally defective based on CMS's failure to join the petition. See Williams ex rel. Williams v. Illinois Central R.R. Co., 1994 WL 1890829, *1 (N.D. Miss. Oct. 11, 1994) ("[a] defendant is not obliged to wait until all

6

codefendants are served before removing an action to federal court"). Therefore, the Court declines to remand based on CMS's lack of consent.

As an unserved defendant, CMS is not obliged to engage in the litigation or consent to removal absent formal service. See Murphy Bros., Inc., 526 U.S. at 348. Nevertheless, CMS has voluntarily joined in the plaintiff's motion to remand after receiving actual notice of Aries's removal.[3] It is well-settled that each served defendant has a right to veto removal by refusing consent. See 28 U.S.C. § 1448; Getty Oil, 841 F.2d at 1263 (noting that a defendant served after removal "may still either accept the removal or exercise its right to choose the state forum by making a motion to remand"); see also Bonadeo v. Lujan, 2009 WL 1324119 (D.N.M. April 30, 2009); Diversy, Inc. v. Maxwell, 798 F. Supp. 2d 1004, 1007 (E.D. Wis. 2011) ("each unserved defendant retains the right to veto the removal by moving to remand once he is served with process and makes an appearance in the case"). But the Court is unaware of any authority which extends this veto right to unserved defendants.

When addressing a defendant's right to defeat otherwise proper removal by a co-defendant, the United States District Court

---

[3] The record indicates that CMS filed an answer to the Complaint in state court on February 7, 2017, wherein the defendant failed to raise any Rule 12(b) defenses as to jurisdiction or service of process. Doc. 13-2. While it appears that CMS attempted to waive any defect in service in state court, the case had already been removed to federal court at the time CMS's state court answer was filed. To date, CMS's motion to remand is the only appearance CMS has entered in federal court.

for the Northern District of Illinois rejected the notion that defendants have an "absolute veto power" over removals. See Schmude v. Sheahan, 198 F. Supp. 2d 964, 968 (N.D. Ill. 2002). In Schmude, the administrator of a deceased prisoner's estate brought a § 1983 claim against the county sheriff and deputies in state court. The sheriff, who was the only served defendant at the time, removed the action to federal court, and five months after removal, one deputy filed a motion to remand based on the rule of unanimity. In denying the co-defendant's motion as untimely, the court observed that "consent of all defendants is not a jurisdictional requirement, [but rather] a procedural prerequisite for removal, and is limited to those defendants that have been served with process." Id. at 967-68. The Court finds Schmude to be instructive insofar as it provides that "defendants have the right to resist removal within the limits designated in the removal statute." Id. at 968.

Section 1448 of the removal statute provides the mechanism by which a plaintiff may serve defendants after the case has been removed to federal court, and "[t]his section shall not deprive any defendant *upon whom process is served after removal* of his right to move to remand the case." 28 U.S.C. § 1448 (emphasis added). While the plain language of the statute clearly recognizes a later-served defendant's right to veto removal, the statute is silent as to defendants, like CMS, who have not yet been served.

8

Pike County may serve the defendant pursuant to 28 U.S.C. § 1448, and assuming CMS is timely served, the defendant will presumably retain its right to object to removal and remand to state court. At this time, however, the Court finds that CMS's objection to removal is premature. As an unserved defendant, CMS's consent was not necessary for removal; therefore, Aries's removal is not procedurally defective based on the rule of unanimity. Pike County's motion and CMS's joinder therein shall be denied.

*B. Diversity Jurisdiction*

Although Pike County has not asserted any jurisdictional challenge in its motion, the Court may raise the issue of federal subject matter jurisdiction sua sponte at any point during the proceeding. PAI ATM Services, L.L.C. v. PFG-ATMS, LLC, 2012 WL 12884584 (S.D. Miss. July 9, 2012). Aries removed this case based on the Court's diversity jurisdiction under 28 U.S.C. § 1332(a), which requires complete diversity of citizenship and an amount in controversy exceeding $75,000, exclusive interest and costs. In light of the $480,000 stake alleged in Pike County's Complaint, the Court is satisfied that the amount in controversy requirement is met here. The citizenship of the defendants, however, remains unclear.

When federal jurisdiction is premised on diversity, the party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. Howery v.

9

Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). Both defendants in this case are limited liability companies. For diversity purposes, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1081 (5th Cir. 2008). The record before the Court contains no information about the identity or citizenship of any members of Aries or CMS. Aries's Notice of Removal alleges that "no [d]efendant is a resident citizen of Mississippi" and "there is complete diversity of citizenship of the parties." Doc. 1, ¶¶ 2, 3. While the removal notice lacks any other allegations as to citizenship, Pike County's motion to remand states that "CMS Consultants, LLC is a Louisiana limited liability corporation" and "Aries Building Systems, LLC is a Texas limited liability corporation." Doc. 3, ¶¶ 2, 3. The plaintiff's Complaint similarly describes CMS as a "Louisiana corporation [] whose address is 709 Aurora Avenue, Suite C, Metairie, Louisiana" and Aries as a "Texas limited liability corporation, organized under the laws of the State of Texas." Doc. 1-1, p. 3. Aries has also provided an unofficial document from the Mississippi Secretary of State's office identifying CMS as a dissolved Mississippi corporation with a principal place of business in Louisiana. See Doc. 9-7. Though the record suggests that the parties may be diverse, the Court is unable to conclude that complete diversity exists based on the evidence.

Aries has failed to carry its burden of establishing complete diversity, and without more, "the Court cannot presume the existence of federal jurisdiction." Ditcharo v. Wal-Mart Stores East, LP, 2015 WL 7078761, *4 (S.D. Miss. Nov. 13, 2015) (remanding to state court based on defendants' failure to disclose the citizenship of limited partnership's members); see Settlement Funding, LLC v. Rapid Settlements, Limited, ---F.3d----, 2017 WL 1088275 (5th Cir. 2017) (noting that "a party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation"); Fontan v. Mucciolo, 2010 WL 1528508 (S.D. Miss. April 14, 2010) (finding that a removal notice, which made no mention of defendant LLC's members, was insufficient to establish diversity jurisdiction).

Although Aries's Notice of Removal is defective for failing to allege the citizenship of the defendants' members, this technical defect is one which may be cured by an amendment under 28 U.S.C. § 1653. See Whitmire v. Victus Ltd., 212 F.3d 885, 888 (5th Cir. 2000); Kirby v. Bank of America, 2010 WL 114201, *4 (S.D. Miss. Jan. 7, 2010) (allowing an amendment to allege defendants' state of incorporation and principal place of business). Section 1653 provides that "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Completely new grounds for removal jurisdiction may not

11

be added through an amendment, but "the notice may be amended [] to set out more specifically the grounds that have already been stated, albeit imperfectly, in the original notice." <u>Davis v. Life Investors Ins. Co. of Am., Inc.</u>, 214 F. Supp. 2d 691, 694 (S.D. Miss. 2002) (quoting Charles A. Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice and Procedure</u> § 3733, at 358-61 (3d ed. 1998)). Aries shall therefore be permitted to amend its Notice of Removal to clarify the jurisdictional facts necessary to establish complete diversity within ten (10) days of the entry of this Order.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that Pike County's Motion to Remand (docket entry 2) is DENIED;

FURTHER ORDERED that defendant CMS's Objection to Removal and Joinder in Motion to Remand (docket entry 8) is DENIED;

FURTHER ORDERED that defendant Aries has ten (10) days from the entry of this Order to amend its Notice of Removal in order to clarify the jurisdictional facts necessary to establish diversity jurisdiction. Failure to cure the defective jurisdictional allegations within the stated time period may result in an order remanding the case.

SO ORDERED AND ADJUDGED, this the 3rd day of May, 2017.

                                               /s/ David Bramlette
                                               UNITED STATES DISTRICT JUDGE